IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ECLIPSE AVIATION CORP., et al., | ) | Case No. 08-13031 (MFW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Related Pleadings: D.I. 11, 18 |
| | ) | Hearing Date: 12/15/08 at 12:30pm |

**OBJECTION OF OPINICUS CORPORATION TO (1) DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS (I) FOR AUTHORIZATION TO OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. § 364 AND (II) TO GRANT PRIMING LIENS AND SUPERPRIORITY CLAIMS TO THE DIP LENDER PURSUANT TO 11 U.S.C. § 364(c) AND (d); AND (III) SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001(b); AND (IV) GRANTING RELATED RELIEF (the "Financing Motion"); AND (2) DEBTORS' MOTION FOR ORDERS (A)(I) APPROVING SALE PROCEDURES FOR SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (II) SCHEDULING A HEARING TO CONSIDER THE SALE AND APPROVING FORM AND MANNER OF NOTICE THEREOF; (III) ESTABLISHING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS, INCLUDING NOTICE OF PROPOSED CURE AMOUNTS; (IV) AUTHORIZING PAYMENT OF A BREAK-UP FEE AND AN EXPENSE REIMBURSEMENT; AND (V) GRANTING RELATED RELIEF; AND (B)(I) AUTHORIZING THE SALE OF SUCH ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO; (IV) PROVIDING FOR PAYMENT OF SALE PROCEEDS TO SECURED LENDER; AND (V) GRANTING RELATED RELIEF (the "Sale Motion")**

Opinicus Corporation ("Opinicus"), by and through its undersigned counsel, hereby objects to the Financing Motion and the Sale Motion (both as defined above). In support thereof, Opinicus respectfully represents as follows:

OBJECTION

1. Opinicus and Eclipse Aviation Corporation ("Eclipse") are parties to that certain Purchase Agreement (No. 5702-0000) (and certain Change Orders thereto) (collectively, the "Agreement") dated April 6, 2005 pursuant to which Eclipse purchased certain "Equipment" (as

{00259039;v1}

defined in the Agreement) from Opinicus including, among other things, (i) a flight training device, (ii) three (3) full flight simulators and certain motion hardware. A true and correct copy of the Agreement (including Change Orders) is attached hereto as Exhibit A. Pursuant to the express terms of the Agreement, title to the Equipment passed to Eclipse *only* upon payment to Opinicus of all payments due under the Agreement. *See Agreement*, Art. 15.0 ("Title to the Flight Training Devices and Simulators shall pass to [Eclipse] upon Final Acceptance and payment by [Eclipse] of all payments due to [Opinicus] under this Agreement."). As of the date hereof, approximately $2.87 million remains due and owing to Opinicus under the Agreement for the Equipment. Accordingly, title to the Equipment lies and remains with Opinicus, and Eclipse may not sell, transfer or otherwise encumber the Equipment.[1] Indeed, it is axiomatic that a bankruptcy court may not allow the sale of property as "property of the estate" if, in fact, the property is not property of the estate. *See generally Moldo v. Clark (In re Clark)*, 266 B.R. 163, 172 (B.A.P. 9th Cir.2001) ("[T]he property that can be sold free and clear under section 363(f) is defined by subsections (b) and (c) of section 363 as 'property of the estate.'"); *Darby v. Zimmerman (In re Popp)*, 323 B.R. 260, 266 (B.A.P. 9th Cir.2005) (even before one gets to Section 363(f), Section 363(b), as interpreted by Rodeo, requires that the estate demonstrate that the property it proposes to sell is "property of the estate."); *Anderson v. Conine (In re Robertson)*, 203 F.3d 855, 863 (5th Cir. 2000) (holding that section 363(f) does not permit a trustee to sell the property of a non-debtor spouse because such property was not "property of the estate"); *In re Coburn*, 250 B.R. 401, 403 (Bankr. M.D. Fla.1999) (finding it necessary to

---

[1] In an abundance of caution, and to protect its interests therein, Opinicus prepared and filed with the state of New Mexico a UCC-1 financing statement respecting all or certain of the Equipment. As such, in the event Opinicus is deemed to not hold title in any of the Equipment, Opinicus nonetheless maintains a security interest in the Equipment for which Opinicus must be adequately protected. *See* 11 U.S.C. §§ 361, 363 and 364.

determine whether an asset is property of the estate in order to decide whether the trustee is entitled to sell the asset pursuant to section 363(f)). Consequently, both the Financing Motion and the Sale Motion must be denied as it concerns Opinicus and the Equipment.

2. In support of the points and objections raised herein, Opinicus hereby joins in, adopts and incorporates herein by reference the various legal arguments raised in any response or opposition to the Financing Motion and the Sale Motion, including those arguments concerning title, adequate protection and the means by which the Eclipse's or Opinicus' interest(s) in the Equipment must be determined (i.e., adversary proceeding), to the extent applicable.[2]

3. Finally, pursuant to the Agreement, certain of Opinicus' intellectual property is installed in the Equipment, which is proprietary to Opinicus, and may not be sold or used by, or disclosed to, anyone, as Eclipse does not own – and does not hold title to – the Equipment. *See Agreement*, Art. 8.2.1. Eclipse has been granted a limited, conditional and non-exclusive license of use of such proprietary information only under certain circumstances. *Id.* Under applicable federal law, the holder of a non-exclusive license of a copyright or a patent does not obtain the rights of ownership of the copyright or the patent, but acquires only a personal interest in a copyright or patent. *See In re Patient Education Media, Inc.*, 201 B.R. 237 (Bankr.S.D.N.Y.1997); *In re CFLC, Inc.* 89 F.3d 673, 679 (9th Cir.1996). Further, a nonexclusive license of a copyright or patent is personal to the transferee and cannot be assigned without the consent of the licensor. *Id. See also Unarco Industries, Inc. v. Kelley Co.*, 465 F.2d 1303, 1306 (7th Cir.1972); *In re Valley Media, Inc.*, 279 B.R. 105, 135-136 (Bankr.D.Del.2002); *In re Golden Books Family Entertainment, Inc.*, 269 B.R. 300, 309 (Bankr.D.Del.2001). That rule is particularly germane here where, under the express terms of

the Agreement, title to the Equipment has not passed to Eclipse, and Eclipse may not sell, lease, assign and/or otherwise encumber the Equipment (including any software in connection therewith).

4. Opinicus hereby reserves, in full, any and all rights, remedies and defenses available under the Bankruptcy Code, otherwise applicable law and the Agreement, and to raise such rights, remedies and defenses as facts and evidence are discovered and developed.

WHEREFORE, for the reasons stated herein, Opinicus Corporation respectfully requests that the Court deny the Financing Motion and the Sale Motion, and that the Court grant it such other and further relief as the Court deems just and proper.

December 12, 2008

ASHBY & GEDDES

Ricardo Palacio (#3765)
Benjamin Keenan (#4724)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(Tel.): 302-654-1888
(Fax): 302-654-2067
rpalacio@ashby-geddes.com
bkeenan@ashby-geddes.com

*Attorneys for Opinicus Corporation*

---

[2] As the Agreement provides for compulsive arbitration for virtually all disputes arising thereunder, Opinicus raises the prospect of an adversary proceeding only in the event the Court determines arbitration inapplicable to any of the issues raised herein.