

CHANIN CAPITAL PARTNERS
A DUFF&PHELPS Company

55 East 52nd Street
31st Floor
New York, NY 10055
Tel 212.758.2629
Fax 212.758.2628

As of December 8, 2008

*Privileged and Confidential*

The Official Committee of Unsecured Creditors of Eclipse Aviation Corporation

Hampson Aerospace, Inc.
112th Street, Suite 300
Grand Prairie, TX 75050
Attn: Greg Frye

Dear Mr. Frye:

The purpose of this letter is to confirm the understanding and agreement (the "Agreement") with the Official Committee of Unsecured Creditors of Eclipse Aviation Corporation (the "Committee") concerning the engagement of Chanin Capital Partners L.L.C. ("Chanin") by the Committee in connection with the Chapter 11 cases of Eclipse Aviation Corporation and its associated debtors in possession (collectively, "Eclipse", the "Company" or the "Debtor").

1. Engagement: Chanin is being retained to provide financial advisory services for the Committee in connection with the restructuring of the Debtor's indebtedness and its Chapter 11 cases, including the analysis, consideration and development of a Chapter 11 Plan. Upon retention, Chanin will work at the direction of the Committee and in conjunction with other advisors retained by the Committee to:

    (a) Review and analyze the Company's operations, financial condition, business plan, strategy, and operating forecasts;

    (b) Analyze any merger, divestiture, joint-venture, or investment transaction;

    (c) Assist in the determination of an appropriate go-forward capital structure for the Company;

    (d) Assist the Committee in developing, evaluating, structuring and negotiating the terms and conditions of a restructuring or Chapter 11 Plan (the "Plan"), including the value of the securities, if any and other non-cash consideration, that may be issued to the Committee under any such restructuring or Plan;

    (e) Assist with the Debtor's M&A process by identifying potential acquirers other than ETIRC;

    (f) Provide testimony, as necessary, before the bankruptcy court; and

(g) Provide the Committee with other appropriate general restructuring advice and litigation support.

The advisory services and compensation arrangements do not encompass other investment banking or financial advisory services not set forth in this paragraph 1.

2. Term of Agreement: This Agreement shall commence as of December 8, 2008 and shall continue unless the Committee or Chanin gives 30 days prior written notice of termination to the other party or upon the dissolution of the Committee. Upon any termination, the provisions of Paragraph 3 (to the extent applicable) shall survive the termination of this Agreement to the extent such provisions relate to the payment of fees due on or before the effective date of termination (in the event of any termination which is other than on the first of the month, the pro rata portion of the monthly fees referred to in Paragraph 3(a) for the month of termination shall be deemed to be due on the effective date of termination) and expenses incurred on or before the effective date of termination and the provisions of Paragraphs 5, 6, 7, 8, and 9 shall survive the termination of this Agreement and shall remain in effect.

3. Fees and Expenses:

All fees and expenses hereunder shall be joint and several obligations of the Debtors (unless otherwise ordered by the Bankruptcy Court) subject to application for and allowance by United States Bankruptcy Court.

(a) Monthly Advisory Fee: The Debtors shall pay Chanin a cash fee of $125,000 per month (the "Monthly Fees") for the term of the engagement, pro-rated for the month beginning December 8, 2008 and ending December 31, 2008. The Monthly Fees shall be paid in advance on the first day of each month, and shall be due and payable for all months from the inception of this engagement through the earlier of (a) the termination of this agreement in accordance with section 2 hereof, or (b) the effective date of a confirmed Chapter 11 Plan.

(b) Expense Reimbursement: Chanin shall be entitled to monthly reimbursement of reasonable out-of-pocket expenses incurred in connection with the services to be provided under this Agreement. Monthly Fees plus reimbursement of reasonable and documented out-of-pocket expenses as billed are due upon the first of each month to Chanin at the address listed above.

Out-of-pocket expenses shall include, but not be limited to all reasonable travel expenses, computer and research charges, messenger services, and long-distance telephone calls incurred by Chanin in connection with the services to be provided to the Committee.

The parties acknowledge that a substantial professional commitment of time and effort will be required by Chanin and its professionals hereunder, and that such commitment may foreclose other opportunities for Chanin. Moreover, the actual time and commitment required by the engagement may vary substantially

from week to week or month to month, creating 'peak load' issues for Chanin. Given the numerous issues which may arise in this engagement, Chanin's commitment to the variable level of time and effort necessary to address such issues, and the market prices for Chanin's engagements of this nature, the parties agree that the fee arrangement hereunder, pursuant to 11 U.S.C. § 328(a), fairly compensates Chanin and provides certainty for the Committee.

4. Company Information: The Committee recognizes and confirms that in rendering services hereunder, Chanin will be using and relying on, and assuming the accuracy of, without any independent verification, data, material and other information (collectively, the "Information") furnished to Chanin by or on behalf of the Committee, the Company or other third parties (including their agents, counsel, employees and representatives). The Committee understands that Chanin will not be responsible for independently verifying the accuracy of the Information provided to Chanin and shall not be liable for inaccuracies in any such Information. Unless required by subpoena or other valid legal process, and prior written notice is provided to you so that you may challenge such disclosure, we will not disclose to any third party (other than our counsel) any portion of the information so provided by the Company which constitutes confidential, proprietary or trade secret information except in furtherance of the engagement hereunder. We will not use such confidential information for any purpose other than pursuant to our engagement hereunder.

5. Indemnification: The Company shall provide indemnification and shall satisfy other obligations set forth in Schedule I hereto, which is an integral part hereof and is hereby incorporated by reference. Further, if an Indemnified Person (as defined in Schedule I) is requested or required to appear as a witness in any Action (as defined in Schedule I) that is brought by or on behalf of or against the Company or that otherwise relates to this Agreement or the services rendered by Chanin hereunder, the Company shall reimburse Chanin and the Indemnified Person for all expenses incurred by them in connection with such Indemnified Person appearing or preparing to appear as such a witness, including without limitation, the fees and disbursements of legal counsel.

6. Bankruptcy Court Approval: This Agreement is subject to the entry of an order of the court having jurisdiction over the Company's bankruptcy case approving the retention of Chanin pursuant to the terms hereof. The Committee shall use commercially reasonable efforts to obtain prompt authorization of the retention of Chanin, *nunc pro tunc*, to December 8, 2008 on the terms and provisions in this Agreement pursuant to section 328(a) of the Bankruptcy Code. The order approving the Agreement and authorizing the retention shall be acceptable to Chanin in its sole discretion.

7. Entire Agreement: This Agreement represents the entire Agreement between the parties and may not be modified except in writing signed by both parties. This Agreement may be executed in counterparts, each of which shall constitute an original. The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision.

8. Affiliation: The Committee recognizes that Chanin has been retained only by the Committee and that the Committee's engagement of Chanin is not deemed to be on behalf of and is not intended to and does not confer rights upon the Company or any of its security holders, officers, agents employees or

representatives, or any individual members of the Committee. No one other than the Committee is authorized to rely upon the engagement of Chanin hereunder or any statements, advice, opinions or conduct of Chanin.

9. <u>Arbitration</u>: This Agreement will be governed by, and construed in accordance with, the laws of the State of New York applicable to agreements made and to be performed entirely in such state. Except to the extent that the parties shall be permitted to adjudicate any dispute in the bankruptcy court having jurisdiction over the Company's chapter 11 case and the bankruptcy court desires to exercise such jurisdiction, each of the parties hereto agrees to submit any claim or dispute arising out of or related to this Agreement solely to private and confidential arbitration by a single arbitrator selected in accordance with the rules of the American Arbitration Association. The arbitration proceedings shall be governed by the Commercial Rules of Arbitration of the American Arbitration Association and shall take place in the Borough of Manhattan, New York City, New York. The arbitrator shall have the power to order discovery and the authority to award any remedy or relief that a court of the State of New York could order or grant, including without limitation specific performance. The decision of the arbitrator shall be final and binding on each of the parties and judgment thereon may be entered in any court having jurisdiction. This arbitration procedure is intended to be the exclusive method of resolving any claim arising out of or related to this Agreement, including any claim as to the validity of this Agreement. Each party agrees to the personal and subject matter jurisdiction of such arbitration for the resolution of any such claim, including any issue relating to this arbitration provision. In the event of any arbitration arising out of or in connection with this Agreement, the prevailing party in such action shall be entitled to an award of actual attorneys' fees and costs incurred in connection with the arbitration. Nothing in this paragraph shall pertain to or affect the authority of a bankruptcy court having jurisdiction over the Company to consider and rule upon Chanin's applications for interim or final compensation pursuant to this Agreement.

10. <u>Other Matters</u>: If this letter correctly sets forth our Agreement on the matters covered herein, please so indicate by signing and returning the enclosed copy of this letter and signing and retaining the duplicate we are enclosing for your records. Upon execution by both parties, this letter will constitute a legally binding Agreement between the Committee and Chanin.

We trust the foregoing terms and provisions are agreeable to you, and request that you sign and return the enclosed copy of this Agreement to us at your earliest convenience.

**CHANIN CAPITAL PARTNERS L.L.C.**

By: _____
Brent Williams
Managing Director

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ECLIPSE AVIATION CORPORATION**

By: _____
Greg Frye

Hampson Aerospace, Inc.

Chairperson of the Unsecured Creditors Committee

Schedule I

INDEMNIFICATION PROVISIONS

<u>Indemnification</u>  To the fullest extent lawful, the Company will promptly, upon demand, indemnify and hold harmless Chanin Capital Partners ("Chanin"), and each director, officer, employee, agent, member and controlling person of Chanin (any or all of the foregoing hereinafter referred to as an "Indemnified Person"), from and against all losses, claims, damages, expenses (including reasonable fees and disbursements of counsel and accountants), costs (including, without limitation, expenses, fees and disbursement and time charges related to giving testimony or furnishing documents in response to a subpoena or otherwise) and liabilities (joint or several), (collectively, "Losses"), resulting directly or indirectly from any threatened or pending investigation, action, claim, proceeding or dispute, including security holder actions (whether or not Chanin or any other Indemnified Person is a potential or actual named party or witness) (collectively, a "Claim"), which (1) are related to or arise out of any untrue statement or alleged untrue statement of a material fact contained in any oral or written information provided to Chanin or any other person by the Committee or used by the Company in connection with the transaction contemplated by the engagement letter or any omission or alleged omission by the Company to state therein a material fact necessary to make the statements therein, in light of the circumstances under which they were made, not misleading, or (2) are otherwise related to or arise out of Chanin's engagement, role, activities or the performance or non-performance of professional services on the Company's behalf. The Company will not be responsible, however, for any Losses pursuant to clause (2) of the preceding sentence which are judicially determined to have resulted solely from the willful misconduct or gross negligence of any Indemnified Person seeking indemnification hereunder; but pending any such judicial determination, the Company shall continue to be obligated on, and shall continue to perform its indemnification and reimbursement obligations. The Company also agrees that neither Chanin nor any Indemnified Person shall have any liability to the Company, its owners, parents, creditors or security-holders for or in connection with its engagement, except such liability for Losses incurred by the Company which are judicially determined to have resulted solely from Chanin's willful misconduct or gross negligence. For purposes of the foregoing, "judicially determined" shall mean determined by a court of competent jurisdiction in a final non-appealable judgment on the merits.

<u>Proceedings</u>  Chanin will notify the Company and the Committee if it learns that any investigation, lawsuit, administrative proceeding or self regulatory organization proceeding has been instituted based, directly or indirectly, on the transactions which were the subject of Chanin's engagement under the Agreement, although failure to do so will not relieve the Company from any obligation or liability it has hereunder or otherwise, except to the extent such failure causes the Company to forfeit substantial rights and defenses. Should any lawsuit, administrative proceeding or self-regulatory organization proceeding (collectively, a "Proceeding") be formally instituted against Chanin or any Indemnified Person based, directly or indirectly, on Chanin's engagement under the Agreement, the Company will be entitled to participate therein and, to the extent that it may wish, to assume the defense of the Proceeding, with counsel reasonably satisfactory to Chanin, so long as the Company continues to pay all costs and expenses of the defense and preparation for such Proceeding. Even if the Company assumes the defense

of a Proceeding, each Indemnified Person will have the right to participate in such Proceeding and to retain its own counsel at such Indemnified Person's own expense. Furthermore, each Indemnified Person shall have the right to employ its own counsel in any Proceeding and to require the Company to pay all reasonable fees and expenses of such counsel as they are incurred if (1) such Indemnified Person has been advised by such counsel that there may be legal defenses available to it which are different from or additional to defenses available to the Company (in which case the Company shall not have the right to assume the defense of the Proceeding on behalf of such Indemnified Person) (2) the Company shall not have assumed the defense of the Proceeding and employed counsel reasonably satisfactory to such Indemnified Person in a timely matter or (3) the Company shall have authorized the employment of such counsel in connection with the defense of the Proceeding.

Contribution  If any indemnification sought by an Indemnified Person pursuant to the terms hereof is held by a court of competent jurisdiction to be unavailable for any reason (other than as a result of the gross negligence or willful misconduct of any such Indemnified Person) or insufficient to hold such Indemnified Person harmless, then the Company and Chanin will contribute to the Losses for which such indemnification is held unavailable or insufficient (1) in such proportion as is appropriate to reflect the relative benefits received (or anticipated) from the proposed transaction by the Company on the one hand and the Indemnified Person on the other, in connection with Chanin's engagement referred to above (whether or not the transaction contemplated by the engagement is consummated) or (2) if (but only if) the allocation provided in clause (1) is for any reason unenforceable, in such proportion as is appropriate to reflect not only the relative benefits received (or anticipated) from the proposed transaction by the Company on the one hand and the Indemnified Person on the other, but also the relative fault of the Company and the Indemnified Person, as well as any other relevant equitable considerations, in each case subject to the limitation that the contribution by Chanin will not exceed the amount of fees actually received by Chanin pursuant to Chanin's engagement.  No person found liable for fraudulent misrepresentation shall be entitled to contribution from any person who is not also found liable for such fraudulent misrepresentation. It is hereby agreed that the relative benefit to the Company on the one hand and Chanin on the other, with respect to Chanin's engagement, shall be deemed to be in the same proportion as (1) the total value paid or proposed to be paid or received by the Company or its stockholders, as the case may be pursuant to the transaction, whether or not consummated, for which Chanin is engaged to render financial advisory services bears to (2) the fee paid or proposed to be paid to Chanin in connection with such engagement (excluding reimbursable expenses).

Settlement of Claims  The Company will not, without the prior written consent of Chanin which consent will not be unreasonably withheld, settle or compromise or consent to the entry of any judgment in any pending or threatened Claim or Proceeding in respect of which indemnification could be sought hereunder (whether or not Chanin or any Indemnified Person is an actual party to such Claim or Proceeding) unless such settlement, compromise or consent includes provisions holding harmless and unconditionally releasing Chanin and each other Indemnified Person hereunder from all liability related to or arising out of such Claim or Proceeding, including claims for contribution. The Company shall not be liable for any settlement of any Claim effected by Chanin without its written consent (which consent shall not be unreasonably withheld).

Miscellaneous  The obligations of Chanin are solely corporate obligations.  No director, officer, employee, agent, shareholder or controlling person of Chanin shall be subjected to any liability to any person, nor will any such claim be asserted by or on behalf of any other party to this Agreement. The Company's indemnity, reimbursement and contribution obligations provided for herein are solely corporate obligations and shall: (1) be in addition to any liability that the Company otherwise may have to Chanin and any rights that Chanin or any Indemnified Person may have at common law or otherwise;

(2) survive the completion or termination of professional services rendered by Chanin under the Agreement; (3) apply to any activities prior to this date and any amendment, modification or future addition to Chanin's engagement; and (4) inure to the benefit of the heirs, personal representatives, successors, and assigns of Chanin and each other Indemnified Person.

If any term, provision, covenant or restriction contained in this Agreement is held by a court of competent jurisdiction or other authority to be invalid, void, unenforceable or against its regulatory policy, the remainder of the terms, provisions, covenants and restrictions contained in this Agreement shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

The Company hereby consents to personal jurisdiction and service and venue in any court in which any Claim and Proceeding which is subject to the terms provided for herein is brought against Chanin or any other Indemnified Person. THE PARTIES WAIVE ANY RIGHT TO TRIAL BY JURY WITH RESPECT TO ANY CLAIM OR PROCEEDING RELATED TO OR ARISING OUT OF CHANIN'S ENGAGEMENT, ANY TRANSACTION OR CONDUCT IN CONNECTION THEREWITH OR THIS AGREEMENT.