# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Eclipse Aviation Corporation, *et al.*,[1] | ) | Case No. 08-13031 (MFW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

Objection Deadline: August 19, 2009 at 4:00 p.m.
Hearing Date: August 26, 2009 at 2:00 p.m.

## TRUSTEE'S MOTION PURSUANT TO 11 U.S.C. §§ l05(a) AND 365(a) TO REJECT EXECUTORY CONTRACT

Jeoffrey L. Burtch, Chapter 7 Trustee (the "Trustee") for the estates of the above-captioned debtors ("Eclipse" or the "Debtors"), moves this Court (the "Motion"), pursuant to Sections 105(a) and 365(a) of title 11 of the United States Code, 11 U.S.C. § 101 et § seq.(the "Bankruptcy Code") for entry of an order authorizing the Trustee to reject as of July 27, 2009 the executory contract (the "Contract") between Eclipse and Computer Sciences Corporation ("CSC") that the Trustee has determined is no longer necessary or useful to the estates. **Parties that are receiving this Motion and whose Contract is subject to rejection hereby can locate their name and the Contract to be rejected on the Exhibit A attached to the Proposed Order.** In support of this Motion, the Trustee respectfully represent as follows:

## JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicate for the relief requested herein is section 365(a) of the Bankruptcy Code along with Bankruptcy Rule 9006(b)(1).

---

[1] The Debtors in these proceedings are: Eclipse Aviation Corporation (Tax ID No. XX-XXX9000) and Eclipse IRB Sunport, LLC, a wholly-owned subsidiary of Eclipse Aviation Corporation (Tax ID No. XX-XXX4013), each with a mailing address of 2503 Clark Carr Loop SE, Albuquerque, NM 87106.

## GENERAL BACKGROUND

2. On November 25, 2008 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The cases are jointly administered pursuant to Bankruptcy Rule 1015(b).

3. Prior to the Petition Date, the Debtors issued 8% Senior Secured Notes due 2012 (the "Notes", holders of the Notes being collectively, the "Noteholders"). Prior to the Petition Date, certain Noteholders formed an ad hoc committee comprised of Kings Road Investments, Ltd., Citadel Investment Group, L.L.C. and HBK Services, LLC (the "Ad Hoc Committee") to represent the interests of the Noteholders in negotiations with the Debtors.

4. A detailed description of the events leading up to these chapter 11 filings is set forth more fully in the Affidavit of J. Mark Borseth in Support of Chapter 11 Petitions and First Day Motions [Docket No. 2], filed in these cases on November 25, 2008.

5. This Court approved the sale of substantially all of the assets of the Debtors to a buyer. That sale did not close, and on March 5, 2009, the cases converted to cases under Chapter 7. Jeoffrey L. Burtch was appointed as interim trustee on March 5, 2009, and is serving as Trustee pursuant to Section 702(d) of the Bankruptcy Code.

6. Since the date of his appointment, the Trustee has been pursuing the sale of substantially all the assets of the Chapter 7 estates (the "Eclipse Assets"). While at this time there is no formal deadline for a bid on the Eclipse Assets, the Trustee intends to sell the Eclipse Assets as soon as possible. Various owners' groups and other interested parties have been in frequent communications with the Trustee concerning the potential purchase of the Eclipse Assets. Non-disclosure agreements have been executed by representatives of potential purchasers, and site visits have been provided and/or planned in the very near future. Multiple bids for the Eclipse Assets have been received and are under evaluation and negotiation.

7.      On May 27, 2009, the Court entered an Order extending the time the Trustee has to reject or assume executory contracts until August 3, 2009. [Docket No. 687].

8.      The Debtors were parties to several executory contracts held in connection with their manufacturing, training, servicing and/or general operations.  Throughout the sale process, the Trustee has attempted to identify certain executory contracts that can be assumed or rejected while maintaining the Trustee's ability to sell substantially all of the Debtors' assets.

9.      The Trustee has identified the Contract with CSC, as described on the <u>Exhibit</u> <u>A</u> attached to the Proposed Order, as one such executory contract that should be rejected.  The services provided by CSC are no longer necessary to support the Trustee's goal of selling the Debtors assets and has become burdensome to the estates.  The Trustee seeks the Court's approval for the rejection of the Contract effective July 27, 2009 (the "Rejection Date").

**Relief Requested**

10.     By this Motion, the Trustee respectfully requests the entry of an order rejecting the Lease listed pursuant to Sections 105(a) and 365(a) of the Bankruptcy Code, effective as of the Rejection Date.

11.     Nothing in the Motion or the <u>Exhibit</u> <u>A</u> should be construed as an admission that the Contract listed therein is an executory contract subject to assumption or rejection under Section 365 of the Bankruptcy Code.  The Trustee reserves the right to argue that the Contract is not an executory contract. The Trustee also reserves all rights to contest any claim that arises out of the rejection of the executory contract.

**Basis for the Relief Requested**

12.     Section 365(a) of the Bankruptcy Code provides that a trustee, "subject to the court's approval, may assume or reject an executory contract or an unexpired lease." 11 U.S.C. §

365(a); see also Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.), 973 F.2d 1065, 1075 (3d Cir. 1992). The Court may approve a trustee's rejection of an executory contract or unexpired lease if such rejection is made in the exercise of such trustee's sound business judgment, and if such rejection benefits its estate. See e.g., Sharon Steel Com. v. Nat'l Fuel Gas Distrib. Corp., 872 F.2d 36, 39 (3d Cir. 1989); see also NLRB v. Bildisco & Bildisco (In re Bildisco), 682 F.2d 72,79 (3d Cir. 1982), aff'd, 465 U.S. 513 (1984); In re Patterson, 119 B.R. 59 (E.D. Pa. 1990); In re Federated Dep't. Stores, Inc., 131 B.R. 808, 811 (S.D. Ohio 1991) ("Courts traditionally have applied the business judgment standard in determining whether to authorize the rejection of executory contracts and unexpired leases"). It is enough if a debtor or trustee determines in their business judgment that a benefit will be realized. Sharon Steel Corp., 872 F.2d at 39 (citing Wheeling-Pittsburgh Steel Corp. v. West Penn Power Co. (In re Wheeling-Pittsburgh Steel Corp.), 72 B.R. 845, 846 (Bankr. W.D. Pa. 1987)). The business judgment standard requires that the Court approve the trustee's business decision unless that judgment is the product of bad faith, whim or caprice. See In re Trans World Airlines, Inc., 261 B.R. 103, 121 (Bankr. D. Del. 2001); see also Lubrizol Enter., Inc. v. Richmond Metal Finishers, 756 F.2d 1043, 1047 (4th Cir. 1985) cert. denied 475 U.S. 1057 (1986).

13.     An integral component of the Trustee's administration of the Estates at this time, among other things, is the elimination of unnecessary administrative costs that no longer serve the overarching goal of the sale of substantially all of the Debtors' assets. The Trustee has determined that it is in the Estates' best interest to avoid the accrual of any further obligations under the Contract. The Trustee has reviewed the Contract with his professionals and has determined that the Contract holds no material economic value to the Estates and is not essential to the administration of the Estates and the bankruptcy cases. The decision to reject the Contract

will eliminate the Estates' obligations to perform under the Contract and the accrual of any further obligations thereunder, such as payment for future information technology services provided by CSC, as well as other administrative expenses. Furthermore, the Trustee has arranged similar information technology services for Eclipse at a lower cost and more appropriate scope for the continued administration of the Estates.

14. Notice of the Trustee's rejection of the Contract was provided to the interested parties on the Rejection Date. [Docket No. 759]. Therefore, the Trustee requests the Court approve the rejection of the Contract as of the Rejection Date

### Notice

15. Notice of this Motion has been given to: (a) the Office of the United States Trustee; (b) any party with an interest the rejection of the Lease; and (c) all parties who have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Trustee submits that no other or further notice is required.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Trustee respectfully requests that the Court enter the proposed form of Order, attached hereto, authorizing the rejection of the Contract with Computer Sciences Corporation as of July 27, 2009 and grant other such relief the Court may deem just and proper.

Dated: July 28, 2009					COOCH AND TAYLOR, P.A.

    /s/ R. Grant IV
R. Grant Dick IV (No. 5123)
The Brandywine Building
1000 West Street, 10th Floor
P.O. Box 1680
Wilmington, DE 19801
Telephone: (302) 984-3867
Fax: (302) 984-3939
E-mail: gdick@coochtaylor.com

Counsel to the Chapter 7 Trustee