## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ECLIPSE AVIATION CORPORATION, *et al.*, | ) | Case No. 08-13031 (MFW) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Re: Docket No. 763** |

## ORDER (A) APPROVING BID PROCEDURES RELATING TO SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (B) BREAK UP FEE; (C) SCHEDULING A HEARING TO CONSIDER THE SALE AND APPROVING THE FORM AND MATTER OF NOTICES; (D) ESTABLISHING PROCEDURES RELATING TO ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, INCLUDING NOTICE OF PROPOSED CURE AMOUNTS; AND (E) GRANTING RELATED RELIEF

Upon the Motion[1], dated July 31, 2009 (the "Sale Motion"), of Jeoffrey L. Burtch, as the

Chapter 7 trustee (the "Trustee") of the above-captioned debtors (collectively, the "Debtors") for

the entry of an order (A) approving bid procedures which are attached as Exhibit 1 hereto (the

"Bid Procedures") with respect to the proposed sale of substantially all of the Debtors' assets, as

more fully set forth in that certain asset purchase agreement (the "Agreement") dated as of

July 30, 2009 by and between the Trustee and Eclipse Aerospace, Inc. ("Buyer"); (B) scheduling

a hearing (the "Sale Hearing") and approving the form and manner of notice of the Auction and

the Bid Procedures; (C) establishing procedures relating to the assumption and assignment of

certain Designated Contracts, including notice of proposed cure amounts; and (D) granting

related relief; and the Court having determined that, to the extent set forth herein, the relief

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Agreement (as defined below), or in the Bid Procedures (defined below).

requested in the Motion is in the best interests of the Debtors, the Chapter 7 estates, creditors and other parties in interest; due and appropriate notice of the Motion and the relief requested therein was provided by the Trustee pursuant to Bankruptcy Rules 2002, 4001, 6004, 6006 and 9014 on the following parties: (i) all entities known to assert any interest in or lien upon the Purchased Assets; (ii) all parties to Designated Contracts; (iii) all parties that are entitled to notice under Bankruptcy Rule 2002; (iv) the attorneys general of all states in which the Purchased Assets are located; (v) the Office of the United States Trustee; (vi) the Securities and Exchange Commission; (vii) the Internal Revenue Service and any governmental taxing authority that has filed a claim against the Chapter 7 Estates; (viii) all entities that expressed to the Seller an interest in purchasing the Purchased Assets; (ix) any party appearing in the Bankruptcy Cases and claiming a secured interest in the Purchased Assets; or any party known to the Seller and claiming a secured interest in the Purchased Assets; and (x) any and all other parties directed by the Court (collectively, the "Notice Parties"); and after consideration of the Sale Motion to the extent of the relief granted herein; and the remainder of the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby FOUND, CONCLUDED, AND DECLARED THAT:[2]

A.     The Court has jurisdiction over this matter and over the property of the Debtors and their bankruptcy estates pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.     Notice of the Hearing, the Motion and proposed entry of this Order has been provided to the Notice Parties. Under the urgent circumstances, requisite notice of the Motion

---

[2]     Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

3

and the relief requested thereby and this Order has been provided in accordance with Bankruptcy Rules 2002, 4001, 6004, 6006 and 9014, which notice is sufficient for all purposes under the Bankruptcy Code, including, without limitation, Bankruptcy Code § 102(1), and no further notice of, or hearing on, the Motion or this Order is necessary or required.

C.     The proposed notices (in substantially the form attached hereto) of (i) the Auction and Sale Notice, (ii) the assumption and assignment of the Designated Contracts and any Cure Costs payable in respect thereof, as described or referred to in the Agreement, and (iii) the Bid Procedures, are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Proposed Sale of the Assets, the Auction, the assumption and assignment of Designated Contracts and the cure associated therewith, the Agreement and the Bid Procedures to be employed in connection therewith.

D.     The approval of the Bidding Procedures is in the best interest of the estates, their creditors and other parties in interest. The Trustee has articulated good and sufficient reasons for this Court to grant the relief requested in the Motion regarding the Bid Procedures and has demonstrated sound business justifications to support such relief. The Bidding Procedures, including the Break Up Fee, are fair, reasonable and reasonably calculated to enhance the prospect of competitive bidding and maximize recovery for the estates and their creditors.

E.     The entry of this Order and the relief contained herein are in the best interests of the Debtors, their estates, creditors and other parties-in-interest; and it is therefore ORDERED, ADJUDGED AND DECREED THAT:

1.     The relief requested in the Motion is granted, to the extent set forth herein.

4

2. The Bid Procedures attached hereto as Exhibit 1 are hereby approved and fully incorporated into this Order, and shall apply with respect to the Proposed Sale of the Assets. The Trustee is authorized to take any and all actions necessary to implement the Bid Procedures.

3. All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the Motion or by stipulation filed with the Court, are overruled.

4. A Qualified Bidder that desires to make a Bid shall deliver written copies of its bid to the parties set forth below not later than 12:00 noon (prevailing Eastern time) on August 14, 2009 (the "Bid Deadline") and shall comply with the requirements set forth in the Bid Procedures for making such bid: (a) Jeoffrey L. Burtch, Esq., Cooch & Taylor, P.A., 1000 West Street, Wilmington, Delaware 19801 with a copy to Cooch & Taylor, P.A., 1000 West Street, Wilmington, Delaware 19801 Att.: Adam Singer, Esq.; (b) Buyer: Eclipse Aerospace, Inc., 125 Fairchild St., Suite 100, Charleston, SC 29492, Attn.: Mason Holland, President, with a copy to: Nelson Mullins Riley & Scarborough LLP, Atlantic Station, 201 17th Street, Suite 1700, Atlanta, Georgia 30363, Attn.: William J. Ching, Esq. and Michael E. Hollingsworth II, Esq; and (c) the Ad Hoc Committee: Covington & Burling LLP, The New York Times Building, 620 Eighth Avenue, New York, New York 10018, Attn: Benjamin Hoch and Andrew Ment.

5. The Trustee shall have the right to reject any and all bids that he believes in his reasonable discretion, in consultation with the Ad Hoc Committee of Senior Secured Noteholders, do not comply with the Bid Procedures. Buyer is deemed to be a Qualified Bidder, and Buyer's Bid as embodied in the Agreement, is deemed to be a Qualified Bid.

6. As further described in the Bid Procedures, if a Qualified Bid other than Buyer's Bid is timely received, the Auction will be held on August 17, 2009 at 10:00 a.m. (prevailing

5

Eastern time), and the Trustee shall, not later than 6 p.m. (prevailing Eastern time) on August 15, 2009, notify Buyer, all Qualified Bidders who have submitted a Qualified Bid and expressed their intent to participate in the Auction, counsel for the Ad Hoc Committee of Senior Secured Noteholders and the United States Trustee that the Auction will be held on August 17, 2009 at 10:00 a.m. at the offices of Cooch & Taylor, 1000 West Street, Wilmington, Delaware 19801.

7.     Not later than one (1) days after entry of this Order, the Trustee will cause the Auction and Sale Notice, substantially similar to the form attached hereto as Exhibit 2 to be sent by first-class mail postage prepaid to the Notice Parties; however with respect to all entities that expressed to the Seller an interest in purchasing the Purchased Assets, the Trustee will serve the Auction and Sale Notice by email, facsimile transmission, or by overnight mail.

8.     In addition, to facilitate the sale, assumption and assignment of any Designated Contracts, the Trustee will e-file and serve by email, facsimile transmission, or by overnight mail a notice (the "Cure Amount Notice"), similar to the form attached hereto as Exhibit 3 hereto not later than three (3) days after the entry of this Order upon each counterparty to a Designated Contract under the Agreement (including counsel of record, if known, to such counterparties via hand delivery or overnight courier).  Buyer shall have the right until the date provided in the Agreement to amend the Designated Contracts schedule to include additional executory contracts and unexpired leases or to exclude executory contracts or unexpired leases previously included as provided in the Agreement.  To the extent that Buyer is not the Successful Bidder and an alternative Successful Bidder is seeking to have certain Designated Contracts assumed and assigned as part of an alternative transaction, the Trustee will provide financial information for the alternative bidder with respect to all non-debtor parties to such Designated Contracts immediately following the Auction via facsimile or Federal Express or email.

6

9.     The Trustee will attach to the Cure Amount Notice his calculation of the undisputed cure amounts that the Trustee believes must be paid to cure all defaults under all Designated Contracts (the "Cure Amounts"). If no such amount is listed, then the Trustee believes that there is no Cure Amount. Unless the non-debtor party to a Designated Contract files an objection (the "Cure Amount Objection") to its scheduled Cure Cost or any other objection to the proposed assumption and assignment of its Designated Contract no later than 12:00 p.m. (prevailing Eastern time) on August 18, 2009 (or in the event Buyer is not the Successful Bidder, at or prior to the Sale Hearing), and serves the objection, so that it is actually received before such deadline, upon (a) counsel to the Trustee: Jeoffrey L. Burtch, Esq., Cooch & Taylor, P.A., 1000 West Street, Wilmington, Delaware 19801, (b) Buyer: Eclipse Aerospace, Inc., 125 Fairchild St., Suite 100, Charleston, SC 29492, Attn.: Mason Holland, President, with a copy to: Nelson Mullins Riley & Scarborough LLP, Atlantic Station, 201 17th Street, Suite 1700, Atlanta, Georgia 30363, Attn.: William J. Ching, Esq. and Michael E. Hollingsworth II, Esq.; and (c) counsel for the Ad Hoc Committee of Senior Secured Noteholders: Covington & Burling LLP, The New York Times Building, 620 Eighth Avenue, New York, New York 10018, Attn: Benjamin Hoch and Andrew Ment; such non debtor party shall (i) be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts with respect to such Designated Contract or any other objection to the proposed assumption and assignment of its Designated Contract and the Trustee shall be entitled to rely solely upon the Cure Amount; and (ii) be forever barred and estopped from asserting or claiming against the Debtors, Buyer, or such other Successful Bidder or any other assignee of the relevant Designated Contract that any additional amounts are due or defaults exist under such Designated Contract.

7

10.    In the event that a Cure Amount Objection is timely filed, the Cure Amount Objection must set forth (i) the basis for the objection, (ii) with specificity, the amount the party asserts as the Cure Amount, and (iii) appropriate documentation in support of the Cure Amount.

11.    Hearings on Cure Amount Objections may be held (a) at the Sale Hearing, or (b) on such other date as this Court may designate upon request by the Trustee with the prior written consent of Buyer.

12.    The Trustee's decision to assume and assign Designated Contracts is subject to Court approval and consummation of the Proposed Sale of the Assets. Absent consummation of the Proposed Sale of the Assets, each of the Designated Contracts shall neither be deemed assumed nor assigned and shall in all respects be subject to further administration under the Bankruptcy Code.

13.    Except to the extent otherwise provided in the Agreement or any agreement with a Successful Bidder, subject to any required Cure Amount payments, the assignee of any assumed Designated Contract will not be subject to any liability to the assigned Designated Contract counterparty that accrued or arose before the closing date of the Proposed Sale of the Assets and the Debtors and the Chapter 7 estates shall be relieved of all liability accruing or arising thereafter pursuant to Bankruptcy Code § 365(k).

14.    Recognizing the value and benefits that the Buyer has provided to the estates by entering into the Asset Purchase Agreement, as well as Buyer's expenditure of time, energy and resources, Buyer is hereby granted a fee equal to $1,600,000 (the "Break Up Fee"), such fee payable in the event the Court fails to approve a sale to Buyer and instead approves a sale of some or all of the Purchased Assets to an entity that has submitted a Qualified Bid and such sale closes. The Break Up Fee shall be payable at the closing of the sale in connection with such Bid

8

from the first proceeds of such sale without further order of the Court. The Break Up Fee, when earned, shall constitute an administrative claim against the estate under Bankruptcy Code Sections 503(b)(1) and 507(a)(2).

15.     If Buyer elects to participate in bidding at the Auction, the amount of the Break Up Fee shall be considered if added to Buyer's bid in determining whether Buyer's bid is a higher and better offer for the Purchased Assets.

16.     Objections, if any, to the relief requested in the Sale Motion must: (1) be in writing; (2) comply with the Bankruptcy Rules and the Local Bankruptcy Rules; (3) be filed with the clerk of the Bankruptcy Court for the District of Delaware, 3rd Floor, 824 Market Street, Wilmington, Delaware 19801 and served so as to be received on or before 12:00 p.m. (prevailing Eastern Time) on August 18, 2009 upon (a) counsel to the Trustee: Jeoffrey L. Burtch, Esq., Cooch & Taylor, P.A., 1000 West Street, Wilmington, Delaware 19801, (b) Buyer: Eclipse Aerospace, Inc., 125 Fairchild St., Suite 100, Charleston, SC 29492, Attn.: Mason Holland, President, with a copy to: Nelson Mullins Riley & Scarborough LLP, Atlantic Station, 201 17th Street, Suite 1700, Atlanta, Georgia 30363, Attn.: William J. Ching, Esq. and Michael E. Hollingsworth II, Esq.; and (c) counsel for the Ad Hoc Committee of Senior Secured Noteholders: Covington & Burling LLP, The New York Times Building, 620 Eighth Avenue, New York, New York 10018, Attn: Benjamin Hoch and Andrew Ment; provided however, to the extent that Buyer is not the Successful Bidder and an alternative Successful Bidder is seeking to have certain unexpired leases, license agreements and executory contracts assumed and assigned as part of an alternative transaction, the non-debtor parties to such unexpired leases, license agreements and executory contracts shall have until the Sale Hearing to raise objections under Bankruptcy Code § 365(b)(1)(C).

9

17.     The Sale Hearing shall be held before this Court before the Honorable Mary F. Walrath on August 20, 2009 at 3:30 p.m. (prevailing Eastern Time). The Sale Hearing may be adjourned, from time to time, without further notice to creditors or other parties-in-interest other than by announcement of said adjournment before this Court or on this Court's calendar on the date scheduled for said hearing.

18.     The notices to be issued in connection with the Proposed Sale of the Assets, substantially in the form of the notices annexed hereto as Exhibits 1, 2 and 3 are approved in all respects.

19.     This Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon execution hereof.

20.     As provided by Bankruptcy Rules 6004(g) and 6006(d), this Order shall not be stayed for ten (10) days after the entry thereof and shall be effective and enforceable immediately upon its entry on this Court's docket.

21.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

22.     This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order and the Bid Procedures.

Dated August _____ 11 _____, 2009
Wilmington, Delaware

_____
Peter J. Walsh
United States Bankruptcy Judge

10