# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ECLIPSE AVIATION CORPORATION, *et al.*,<br><br>Debtors. | Bankruptcy Case No. 08-13031 (MFW)<br>(Chapter 7)<br>(Jointly Administered)<br><br>**[RE: DOCKET NO. 763]** |

## OBJECTION OF MAVERIK, INC. TO THE MOTION OF CHAPTER 7 TRUSTEE TO APPROVE SALE PROCEDURES, AND TO APPROVE SALE, AND FOR RELATED RELIEF

Maverik, Inc. ("Maverik"), by and through its undersigned counsel, hereby objects to the to the Motion of Chapter 7 Trustee (the "Trustee") to Approve Sale Procedures, and to Approve Sale, and for Related Relief (the "Sale Motion") (Docket No. 763). In support of its objection, Maverik respectfully states as follows:

### Summary of Relief Requested

1. Maverik objects to the Sale Motion to the extent the Trustee seeks to sell the Eclipse model EA-500 very light jet, serial number 267 (the "Aircraft") in derogation of its rights. Maverik objects to the Sale Motion to the extent the proposed sale, and the terms of the Sale Order[1] and APA, impair, procedurally or substantively, the prosecution of any of Maverik's claims in the WIP Adversary Proceeding (as defined below) in a court of competent jurisdiction, specifically including but not limited to claims under the UCC for specific performance and replevin of special property.

---

[1] Unless otherwise defined herein, capitalized terms shall have the meaning ascribed to them in the Sale Order attached to the Sale Motion as Exhibit B. The APA is attached to the Sale Motion as Exhibit 1.

**Background**

2.  Maverik is the plaintiff in the adversary proceeding currently pending before this court and captioned as *Maverik, Inc. v. Jeoffrey L. Burtch, et al.* (Adv. Pro. No. 09-50030 (MFW) (defined in the APA as a "WIP Adversary Proceeding" and referenced herein as such). A copy of the Complaint is annexed hereto as Exhibit 1.

3.  Maverik operates a chain of retail gasoline stations and convenience stores in the intermountain west, many of which are in rural areas that are remote from major airport facilities. Maverik supervises its retail stores by making visits to those stores which visits are facilitated by travel using a small plane.

4.  The popularity of the proposed Eclipse EA-500 provided a large list of prospective buyers, including Maverik's predecessor in interest, who in 2002 purchased production slot G0024, which was subsequently designated as serial number 307 in September 2003, and who paid deposits totaling $150,000.00.

5.  Maverik determined that use of a VLJ, with increased speed, economic efficiencies and safety margins would be beneficial in its operations. Maverik decided to purchase an Eclipse EA-500 but instead of being placed on a long reservation list, purchased by assignment the reservation for serial number 307 and paid to the assignor the prior deposit of $150,000.00, plus additional compensation. Due to cancellation or termination of reservations by one or more customers, Eclipse modified the Maverik reserved serial number to be 267, instead of 307.

6.  Pursuant to the Aircraft Purchase Agreement (the "Agreement"),[2] Eclipse agreed to sell to Maverik the Eclipse EA-500 model aircraft designated as "Aircraft Serial # 000267." Maverik paid an additional deposit of $655,035.60 to Eclipse on March 29, 2007, for total

---

[2] The Aircraft Purchase Agreement is governed by New Mexico law.

deposits of $805,035.60 paid to Eclipse for application against the purchase price of the Aircraft. Maverik also reserved with the FAA a registration number, N533GT, with a special meaning.

7. After several delays in production, in October 2008, Eclipse test flew the Aircraft in preparation for final delivery. Subsequent to the test flight, Eclipse indicated that delivery of the Aircraft was delayed and could not be delivered the week of October 20, 2008. On or about October 10, 2008, Eclipse issued to Maverik an amended final invoice to complete the purchase of the Aircraft. Once again Eclipse delayed the delivery of the Aircraft on October 22, 2008, by indicating the need to complete a Service Bulletin for the flight in known icing system followed by final approval from the FAA. At this same time Eclipse indicated that the Aircraft could be delivered by Thanksgiving 2008.

8. All certifications and licensing for the Aircraft to be airworthy were issued prior to the November 25, 2009 petition date had been issued or completed as needed except for Eclipse deciding not to submit FAA Form 8130-6 for the Aircraft. No documents pertaining to ownership or encumbrances for the Aircraft have been filed with the FAA.

### The Chapter 11 Sale Process

9. During the Chapter 11 portion of these cases, Maverik objected to the proposed sale of the Eclipse assets to ETIRC Aviation, S.a.r.l. ("ETIRC"). On January 15, 2009, prior to the chapter 11 sale hearing, Maverik also filed its Complaint. Maverik and ETIRC resolved the objection, however, as indicated in the Sale Motion, the sale did not close and the cases subsequently converted to cases under Chapter 7.

### The Proposed Chapter 7 Sale

10. The Trustee has entered into an Asset Purchase Agreement (the "APA") with Eclipse Aerospace, Inc. ("EAI"), who on August 17, 2009 was designated as the Successful Bidder within the meaning of the Bid Procedures Order. (Docket No. 800). Under the terms of

the proposed Sale Order and the APA, the Chapter 7 Trustee proposes to sell substantially all of the Estates' assets free and clear of liens, claims, encumbrances, and interests, pursuant to section 363(b) and (f) of the Bankruptcy Code; however, with respect to the Aircraft that is the subject of the Maverik WIP Adversary Proceeding, the Trustee is selling the Estates' right, title and interest to such property, if any, subject to the pending Maverik WIP Adversary Proceeding,[3] except as limited in the APA.

### **Objection**

11. Maverik objects to the Sale Motion to the extent the proposed sale, and the terms of the Sale Order and APA, impair, procedurally or substantively, the prosecution of Maverik's claims in the WIP Adversary Proceeding in a court of competent jurisdiction.

12. Maverik requests that the Sale Order be clarified to make it clear that the Sale Order, APA, or any prior order of the Court in these Bankruptcy cases, including but not limited to any order on the use of cash collateral or DIP financing, would not give rise to the impairment described above.

13. Because the Eclipse EA-500, serial number 267, FAA registration number N533GT, is a unique special property, Maverik objects to the limitation of its claims set forth in its WIP Adversary Proceeding which may arise from the definition in Annex 1 of the APA of Assumed Liabilities, specifically subparagraph (iii) thereof, purporting to eliminate the claims of Maverik for specific performance.

14. The APA does not clearly articulate whether the aircraft that are the subject of the WIP Adversary Proceedings are being sold free and clear of the claims of parties asserting a security interest in those aircraft, specifically including but not limited to Kings Road

---

[3] Pursuant to the Stipulation Extending Time for Plaintiff to Serve the Summons and Complaint, approved by the Court on May 11, 2009, Maverik's time to serve the summons and complaint on the Trustee was extended through and including September 14, 2009.

4

Investments, Ltd., HBK Master Fund, and Citadel Investment Group. If clarified, then those defendants asserting a security interest whose rights are eliminated by the sale could be removed from the WIP Adversary Proceeding.

WHEREFORE, Maverik respectfully requests that the Court deny the entry of the proposed Sale Order to the extent the Sale Order or APA may procedurally or substantively impair the prosecution of the claims contained in Maverik's WIP Adversary Proceeding, and grant Maverik such other and further relief as the Court deems just and proper.

Dated: August 18, 2009

Respectfully submitted,

By: /s/ Robert W. Mallard
Eric Lopez Schnabel, Esq.
Robert Mallard, Esq.
DORSEY & WHITNEY (DELAWARE) LLP
1105 N. Market Street, Suite 1600
Wilmington, DE 19801
Tel: (302) 425-7171
Fax: (302) 425-7177

and

Steven T. Waterman, Esq.
Dorsey & Whitney LLP
136 South Main Street, Suite 1000
Salt Lake City, UT 84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
E-mail: waterman.steven@dorsey.com

*Attorneys for Maverik, Inc.*