IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | Case No. 08-13031 (MFW) |
| ECLIPSE AVIATION CORPORATION, *et al.*,[1] ) | |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | **Related Docket No. 763** |

## LIMITED OBJECTION OF VERMEER MANUFACTURING COMPANY TO THE TRUSTEE'S SALE MOTION

Vermeer Manufacturing Company ("Vermeer"), by and through its undersigned counsel, hereby files this limited objection (the "Objection") to the Motion Of The Chapter 7 Trustee To Approve Sale Procedures, And To Approve Sale, And For Related Relief (the "Sale Motion," D.I. 763) filed by Jeoffrey L. Burtch, the Chapter 7 Trustee (the "Trustee"), of the estate (the "Estate") of the debtor, Eclipse Aviation Corporation ("Eclipse"). In support of the Objection, Vermeer states as follows.

### The Aircraft and the Aircraft Purchase Agreement

1. Eclipse entered into that certain Aircraft Purchase Agreement with Vermeer on or about February 26, 2007. Pursuant to that agreement, Eclipse was obligated to manufacture and sell to Vermeer, and Vermeer was obligated to purchase, an Eclipse 500 aircraft, identified by its unique serial number, 00266, and position number, EA0399 (the "Aircraft"), for an aggregate purchase price of $1,494,818.50 (the "Purchase Price"). Eclipse subsequently promised to reduce the Purchase Price for each calendar month that delivery of the Aircraft was delayed. Thus, as adjusted, the Purchase Price is not more than $1,449,840.02. Vermeer has paid Eclipse

---

[1] The debtors in these jointly administered cases are Eclipse Aviation Corp. and Eclipse IRB Sunport, LLC.

{00319924;v3}

a total of $947,290.50 in deposits toward the purchase of the Aircraft, with the balance due upon delivery. The Aircraft has not been delivered.

## The Adversary Proceeding

2. On December 31, 2008, Vermeer commenced Adv. Proc. No. 08-51904 (MFW) (the "Adversary Proceeding") against Eclipse, among others, to resolve certain competing claims to the Aircraft. The crux of the Adversary Proceeding is that the Aircraft is *not* property of the Estate within the meaning of Section 541. The Adversary Proceeding seeks declaratory relief to that effect, as well as, among other things, specific performance and replevin of the Aircraft.

## The Bankruptcy And The Proposed Sale

3. On July 31, 2009, the Trustee filed the Motion, seeking, among other things, approval of Sale Procedures, a Sale Order and an Asset Purchase Agreement (the "APA") with Eclipse Aerospace, Inc. (the "Buyer") concerning the sale of substantially all of the Debtors' assets pursuant to Section 363 (the "Proposed Sale"). Under the Proposed Sale, the Trustee proposes to sell substantially all of the Estate's assets free and clear of liens, claims and encumbrances. However, with respect to the property that is the subject of the Adversary Proceeding—that is, the Aircraft—the Trustee is selling the Estate's right, title and interest to such property, if any, subject to the Adversary Proceeding, albeit with certain limitations. (*See* Proposed Sale Order ¶ HH).

## Limited Objection

4. Vermeer does not object to the Proposed Sale of the Estate's right, title and interest to the Aircraft, to the extent that the Estate has any, provided that the Proposed Sale, and the terms of the Sale Order, APA and any prior order of the Court, do not impair, procedurally or

substantively, the prosecution of Vermeer's claims in the Adversary Proceeding in a court of competent jurisdiction.

5. In an abundance of caution, Vermeer objects on a limited basis to approval of the Motion to reserve all of its rights with respect to the Aircraft and the Adversary Proceeding. In particular, Vermeer objects to the extent that the Proposed Sale impairs any of Vermeer's rights with respect to the Aircraft or the Adversary Proceeding, including the relief sought therein.

## Conclusion

WHEREFORE, Vermeer respectfully requests that the Court (i) deny the proposed Sale Order to the extent that the Sale Order or APA may procedurally or substantively impair Vermeer's rights, or the prosecution of the claims in the Adversary Proceeding in a court of competent jurisdiction; and (ii) grant it such other and further relief as the Court deems just and proper.

ASHBY & GEDDES

/s/
William P. Bowden (#2553)
Gregory A. Taylor (#4008)
Andrew D. Cordo (#4534)
500 Delaware Ave., 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
wbowden@ashby-geddes.com
gtaylor@ashby-geddes.com
acordo@ashby-geddes.com

*Attorneys for Vermeer Manufacturing Company*

Dated: August 18, 2009