IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : |
| | : Chapter 7 |
| Eclipse Aviation Corporation, *et al.* | : |
| | : Case No. 08-13031 (MFW) |
| Debtors. | : |
| | : Hearing Date: August 20, 2009 at 3:30 p.m. |
| | : Objection Deadline: August 18, 2009 at 12:00 p.m |
| | Re: Docket Nos. 763 and 787. |

## LIMITED OBJECTION OF THE ECLIPSE 400 DEPOSITORS TO CHAPTER 7 TRUSTEE'S MOTION TO APPROVE SALE PROCEDURES, AND TO APPROVE SALE, AND FOR RELATED RELIEF [D.I. 763 AND 787]

Over and Out, Inc., Ocala Bedrock, Inc., The Kenneth and Shari Meyer Trust, Michael T. Flynn, Richard A. Smith, James Frisbie, Team Aircraft, Inc., Max J. Cohen, Joseph J. Rusin / Northwest Ohio International LLC, Shaun Hughes, Henry Orlosky, Peter Riechers, Peter Schultz, Management Tech, LLC, Robert H. Yarbrough, Linde International, Inc., Davis Air, LLC, Julian Macqueen, Jeff Reynolds, K2 Jet, LLC, James Teng, Black Falcon Aviation & Consulting, LLC, Gulfstream Nautical, Dan Mudge, Gray & Co., Inc., The Gray Oil And Gas Company, Louisiana, N400EA, Richard Ryan and Michael Osborne (collectively, the "Eclipse 400 Depositors") hereby object (the "Objection") to the *Motion of the Chapter 7 Trustee to Approve Sale Procedures, and to Approve Sale, and for Related Relief* [Docket Nos. 763 and 787 (the "Sale Motion") and state as follows:

## BACKGROUND

1.  Prepetition, each of the Eclipse 400 Depositors and Eclipse Aviation Corporation (the "Debtor" and collectively with the above-captioned debtors, the "Debtors") entered into that certain Eclipse 400 Aircraft Deposit Agreement (the "Agreement").[1]

---

[1] A true and correct copy of an Agreement is hereto as Exhibit 1.

929618v.1

2. Pursuant to the terms of the Agreement, the Eclipse 400 Depositors were required to place a deposit in the amount of $100,000 (the "Deposit") toward the purchase of one (1) Eclipse 400 single-engine jet aircraft that was being developed by Debtor. In return, the Debtor agreed to move forward with the production of the Eclipse 400 aircraft and to apply the Deposit toward the final purchase price. As set forth specifically in the Agreement, and absent a writing agreed to by the Eclipse 400 Depositors to the contrary, the Debtors were to use the Deposits only for costs related to the development of the Eclipse 400 aircraft.

3. After collecting Deposits beginning in early to mid-June 2008, the Debtors announced in early August 2008 (a period of less than 60 days and after the Debtor had taken in approximately $10 million of new money in the form of deposits) that the decision to move forward with development and production of the Eclipse 400 aircraft had been put on hold. Significantly, under cross examination at the hearing conducted by the Court on January 16, 2009 (the "Chapter 11 Sale Hearing"), Mr. Pieper, the Chairman of the Board of the Debtors at the time the deposits were solicited, and Chief Executive Officer of the Debtors beginning in August 2008, testified that the Debtors' board, in a meeting held in late May 2008, decided to make an announcement concerning production of the Eclipse 400 aircraft but "would stipulate that it was not a commitment to develop the aircraft" (See Excerpt of the Transcript of the Chapter 11 Sale Hearing attached as Exhibit 2).

4. This is in direct contravention to a May 31, 2008 email sent by Vein Rayburn, the Chief Executive Officer of the Debtors at that time, specifically stating "Eclipse Aviation will move forward with production of the Eclipse 400 single-engine jet aircraft." A copy of the Rayburn email is attached as Exhibit 3. Further, by not moving forward with the production of the Eclipse 400, and by promising in the Agreement to only use the Deposit for costs related to

2

929618v.1

the Eclipse 400 development, the Debtors created a prepetition trust agreement with the Eclipse 400 Depositors.

5. According to the terms of the Agreement, upon completion of the Eclipse 400 Refund Request Form (the "Refund Request") by the Eclipse 400 Depositors the Debtor was required to refund the Deposits. Although many Eclipse 400 Depositors completed and submitted the Refund Request, the Debtors have failed to return the Deposits. The Debtors have blatantly misappropriated the Deposit funds and such Deposits are the Eclipse 400 Depositors' property and not property of these estates.

6. At the Chapter 11 Sale Hearing, the Debtors sought a sale of substantially all of their assets to ETIRC Aviation, S.a.r.l. ("ETIRC") (notably, a group headed by the aforementioned Mr. Pieper) (the "ETIRC Sale"). In connection with the ETIRC Sale, the Eclipse 400 Depositors filed an objection, cross-examined witnesses and argued in support of the facts contained in this subsequent objection. At the conclusion of the Chapter 11 Sale Hearing, this Court ordered $3.2 million to be set aside in an escrow pending the outcome of an adversary proceeding commenced by the Eclipse 400 Depositors (Adv.Pro. No. 09-50029) (the "Adversary Proceeding).

7. After a lengthy period of time waiting for ETIRC to finalize its financing, the ETIRC Sale ultimately failed to close and on March 5, 2009, these cases were converted from Chapter 11 to Chapter 7 of the Bankruptcy Code. Jeoffrey L. Burtch was appointed as interim trustee on March 5, 2009 (the "Trustee"), and serves as the trustee in these cases pursuant to Section 702(d) of the Bankruptcy Code. Since that time, and at the request of the Trustee, the parties have waited to see what, if any, progress the Trustee could make with these cases before incurring costs of litigation on the underlying issues in the Adversary Proceeding.

## LIMITED OBJECTION

8.  Simply put, the Eclipse 400 Depositors renew their objection that was previously sustained at the Chapter 11 Sale Hearing and request that the Court order proceeds from the contemplated sale be escrowed in the amount of $3.2 million pending the outcome of the Adversary Proceeding, and a determination of whether the Deposits were property of the Debtors' estates.

9.  It appears that the relief sought in the Sale Motion would include the sale of substantially all of the Chapter 7 estates' assets, including, presumably, the Deposit funds. (Sale Motion ¶ 11(b). Moreover, the Trustee seek to sell all of these assets free and clear of all liens and other liabilities, including, presumably, the Eclipse 400 Depositors right to assert that the Deposit funds should be returned. (Sale Motion ¶14(l)). The Sale Motion provides in some detail the use of the sale proceeds. (Sale Motion ¶ 11(i)). Despite what the Eclipse 400 Depositors had hoped would be a common sense approach to abide by this Court's prior ruling, neither the Sale Motion nor the proposed Order make provision for the set-aside of funds pending the outcome of the Adversary Proceeding.

10. There is no basis in the Bankruptcy Code, or the cases interpreting the Bankruptcy Code, for the Trustee to sell property that is not part of a Chapter 7 estate. Therefore, at the very least, an amount equal to the aggregate Deposits plus the additional amounts sought in the Adversary Proceeding, should be set aside and held in escrow pending the resolution of the Adversary Proceeding.

## Conclusion

WHEREFORE, for the any and all of the reasons set forth above, the Eclipse 400 Depositors respectfully request that (i) the Sale Motion be denied; (ii) the Deposit funds be returned or held in escrow pending further Order of this Court; and (iii) the Court enter such other and further relief as is just and proper.

POTTER ANDERSON & CORROON LLP

Steven M. Yoder (#3885)
Etta R. Wolfe (#4164)
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000 – Phone
(302) 658-1192 – Fax

*Attorneys for the Eclipse 400 Depositors*

Dated: August 18, 2009