# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ECLIPSE AVIATION CORPORATION, *et al.*, | ) | Case No. 08-13031-MFW |
| | ) | (Jointly Administered) |
| Debtors | ) | |
| | ) | |
| | ) | |

**OBJECTION OF THE GRAY OIL AND GAS COMPANY AND GRAY AND COMPANY, INC. TO MOTION OF THE CHAPTER 7 TRUSTEE TO APPROVE SALE PROCEDURES, AND TO APPROVE SALE, AND FOR RELATED RELIEF**
**[RE: DOCKET NO. 763]**

The Gray Oil and Gas Company and Gray and Company, Inc. (individually or collectively, "**Gray**"), by and through its undersigned counsel, hereby objects (the "**Objection**") to the Motion of the Chapter 7 Trustee to Approve Sale Procedures, and to Approve Sale, and for Related Relief (the "**Sale Motion**") [Docket No. 763] and in support thereof respectfully represents as follows:

## Background

1. Gray Oil and Gas Company and Gray and Company, Inc. are parties, respectively, to that certain Eclipse 500 Aircraft Purchase Agreement, Position #P0080, Aircraft Serial #000113 dated December 6, 2006, and that certain Eclipse 500 Aircraft Purchase Agreement, Position #P0082, Aircraft Serial #000115 dated December 6, 2006 (individually or collectively, the "**Aircraft Purchase Agreement**"), in each case with Eclipse Aviation Corporation as the seller ("**Eclipse**").

2. Under the Aircraft Purchase Agreement, Eclipse granted Gray a personal, non-exclusive, perpetual and non-transferable (except in connection with a permitted transfer or sale

of the subject aircraft) license to use any computer software or other intellectual property incorporated in the aircraft that is not the subject of a separate license agreement between Eclipse and Gray or the owner of such intellectual property (including any embodiment of same) ("**Aircraft Intellectual Property**").

5.     There has been no rejection of the Aircraft Purchase Agreement in the bankruptcy proceeding and a request to further extend the current deadline to assume or reject executory contracts is currently pending before this Court. On March 31, 2009 and April 17, 2009, pursuant to Section 365(n)(4) of the Bankruptcy Code, Gray served upon the chapter 7 trustee (the "**Trustee**") for the above-captioned estates written requests that the Trustee perform the Aircraft Purchase Agreement in accordance with its terms and provide Gray with the Aircraft Intellectual Property.

3.     The Trustee failed to deliver to Gray the Aircraft Intellectual Property to which Gray is entitled under the terms of the Aircraft Purchase Agreement and on April 22, 2009, Gray filed its Motion of the Gray Oil and Gas Company and Gray and Company, Inc. to Compel Trustee to Perform Intellectual Property Agreement Pursuant to 11 U.S.C. 365(n)(4) (the "**Motion to Compel**") [Docket No. 638].

4.     The Trustee objected to the Motion to Compel and the parties have engaged in discovery related to the Motion to Compel as well as the Trustee's motion for a protective order. A contested hearing was held before this Court on the motion for a protective order and the Court is familiar with the facts and circumstances of this dispute.

5.     The Court has set the Motion to Compel for hearing on September 2, 2009 at 2:00 p.m. (the "**Hearing**").

**The Sale**

6. On July 31, 2009, Trustee filed his Sale Motion, which sought court-approval of bidding procedures and the sale of substantially all of the Debtor's assets (the "**Sale**") to the proposed purchaser (the "**Purchaser**").

7. Counsel to Gray appeared and objected at the hearing on the bidding procedures and was overruled by this Court.

8. Thereafter, Gray determined that the Sale would materially affect its rights in the Aircraft Intellectual Property and in the relief requested in the Motion to Compel and determined to assert this Objection.

**Objection to Sale**

9. By way of the Sale Motion, inter alia, the Trustee seeks to sell and transfer all of the Aircraft Intellectual Property to the Purchaser. In addition, the Aircraft Purchase Agreement, in fact all purchase agreements, are specifically excluded from the Sale. Therefore, Gray is in the precarious position of seeking to enforce its rights in the Aircraft Intellectual Property against the Trustee while at the same time the Trustee is seeking to transfer the Aircraft Intellectual Property to the Purchaser.

10. Gray is facing a doomsday scenario that if it is successful on its Motion to Compel, or, which seems to be inevitable as a result of the Sale, the Trustee rejects the Aircraft Purchase Agreement, and Gray attempts to enforce its rights under 11 U.S.C. § 365(n) to obtain the Aircraft Intellectual Property, the Trustee will not be in a position to deliver the Aircraft Intellectual Property as it would have already been sold and transferred to the Purchaser.

11. As such, for all intents and purposes, if the Sale is approved it will moot Gray's Motion to Compel and abrogate the protections afforded to Gray by way of section 365(n) of the Bankruptcy Code.

12. Prior to the Sale being approved, this Court must compel the Trustee to adhere to § 365(n) and turnover the Aircraft Intellectual Property to Gray. However, if the Court is not willing to grant such relief, at a bare minimum, if the Aircraft Intellectual Property is transferred to the Purchaser, this Court must compel the Purchaser to comply with 11 U.S.C. § 365(n) in order to protect Gray's rights.

13. Accordingly, any order entered by this Court approving the Sale (i) must compel the Trustee to perform under the Aircraft Purchase Agreement in accordance with its terms and immediately deliver the Aircraft Intellectual Property to Gray prior to it being transferred to the Purchaser; (ii) not interfere with Gray's rights to the Aircraft Intellectual Property, including, but not limited to Gray's rights to obtain said Aircraft Intellectual Property from the Purchaser or any other persons other than Debtors; and (iii) or such other relief as is just and proper under the circumstances.

14. Absent the protections set forth above being included in the Sale Order, Gray respectfully requests that this Court deny the Sale on its merits.

Dated: August 19, 2009
      Wilmington, Delaware

Respectfully submitted,

**POLSINELLI SHUGHART PC**

    */s/ Christopher A. Ward*
Christopher A. Ward (Del. Bar No. 3877)
Justin K. Edelson (De. Bar No. 5002)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Tel: (302) 252-0920
Fax: (302) 252-0921
cward@polsinelli.com
jedelson@polsinelli.com

-and-

Robert J. Stefani (La. Bar No. 19248)
King, Krebs & Jurgens, P.L.L.C.
201 St. Charles Avenue, 45th Floor
New Orleans, LA 70170
Tel: (504) 582-3800
Fax: (504) 582-1233
rstefani@kingkrebs.com

COUNSEL TO THE GRAY OIL AND GAS
COMPANY AND GRAY AND COMPANY, INC.