# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Eclipse Aviation Corporation, *et al.*,[1] | ) | Case No. 08-13031 (MFW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Re: Docket No. 893 +916 |

## ORDER APPROVING THE REJECTION OF UNEXPIRED NON-RESIDENTIAL REAL PROPERTY LEASES AND ESTABLISHING A BAR DATE FOR REJECTION DAMAGES

Upon the Trustee's Omnibus Motion Pursuant to 11 U.S.C. §§ 105(A) and 365(A) to Reject Unexpired Non-Residential Real Property Leases (the "Motion")[2], the Court finds that (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) venue of these cases and the Motion are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) notice of the Motion and the hearing was sufficient under the circumstances; and (v) upon the record herein, and after due deliberation, good and sufficient cause exists for the relief requested. Accordingly, it is hereby

**ORDERED that:**

1. The Motion is granted.

2. The Remaining Leases set forth on the <u>Exhibit A</u> attached hereto are hereby rejected as of the date provided in the <u>Exhibit A</u> column titled "Effective Date of Rejection" (the "Rejection Date"). The Trustee's right to argue that the Remaining Leases are not unexpired

---

[1] The Debtors in these proceedings are: Eclipse Aviation Corporation and Eclipse IRB Sunport, LLC, a wholly-owned subsidiary of Eclipse Aviation Corporation.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

leases and the Trustee's right to contest any claim that arises out of the rejection of the Remaining Leases are hereby reserved.

3. Any person or entity with an interest in the property (real or personal or otherwise) located at the Remaining Facilities must, on or before the expiration of 30 days after the date of entry this Order (the "Rejection Claim Bar Date"), file with the Court any claim for payment in these cases arising out of the Remaining Leases or related to the Remaining Facilities, including but not limited to any claim arising out of the rejection or abandonment.

4. ~~Any claim of an person or entity affected by this Order that is not filed with the Court by the Rejection Claim Bar Date is waived,~~ and all affected persons or entities shall be forever ~~barred, estopped~~ and enjoined from asserting any additional claim against the Debtors, ~~the Chapter 7 estates or the property of the estates after the Rejection Claim Bar Date.~~

5. Each rejection request of the Trustee to each lease as asserted in the Motion and as set forth on <u>Exhibit A</u> constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This Order shall be deemed a separate Order with respect to each rejected lease. Any stay of this Order pending appeal by any person with an interest in a leased property whose interests are subject to this Order shall only apply to the contested matter which involves such party and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters covered hereby.

6. This Order shall be binding on the Trustee and all parties to the Remaining Leases.

7. The Trustee is hereby directed to serve on each of the non-debtor parties to the Remaining Leases a copy of this Order.

8. The Trustee is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation and implementation of this Order.

Dated: Oct. 13, 2009

THE HONORABLE MARY F. WALRATH
United States Bankruptcy Judge

3