# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| AE LIQUIDATION, INC., et al,[1] | ) | Case No. 08-13031 (MFW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**Objections due by: February 3, 2010 at 4:00 p.m.**
**Hearing Date: February 17, 2010 at 2:00 p.m.**

## MOTION OF CHAPTER 7 TRUSTEE TO REVISE NOTICE PROCEDURES

Jeoffrey L. Burtch, the Chapter 7 Trustee (the "Trustee") of the estates in the above captioned cases moves to revise the notice procedures applicable in these cases. In support of the Motion, the Trustee respectfully represents as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

2. Prior to the Petition Date (as defined below), the Debtors issued 8% Senior Secured Notes due 2012 (the "Notes", holders of the Notes being collectively, the "Noteholders"). Prior to the Petition Date, certain Noteholders formed an ad hoc committee comprised of Kings Road Investments, Ltd., Citadel Investment Group, L.L.C. and HBK Services, LLC (the "Ad Hoc Committee") to represent the interests of the Noteholders in negotiations with the Debtors.

---

[1] The Debtors are: AE Liquidation, Inc. (f/k/a Eclipse Aviation Corporation) and EIRB Liquidation, Inc. (f/k/a Eclipse IRB Sunport, LLC), a wholly-owned subsidiary of Eclipse Aviation Corporation.

3. On November 25, 2008 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The cases are jointly administered pursuant to Bankruptcy Rule 1015(b).

4. A detailed description of the events leading up to these Chapter 11 filings is set forth more fully in the Affidavit of J. Mark Borseth in Support of Chapter 11 Petitions and First Day Motions filed in these cases on November 25, 2008. Docket No. 2.

5. During the Chapter 11 portion of these cases, this Court entered a Final Order Pursuant to 11 U.S.C. Sections 105, 362, 363 and 364 and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (1) Authorizing Incurrence by the Debtors of Post-Petition Secured Indebtedness with Priority Over All Other Secured Indebtedness and with Administrative Superpriority, (2) Granting Liens and (3) Modifying the Automatic Stay [Docket No. 230], which granted certain rights in favor of the Alfred Mann Living Trust, and the Noteholders.

6. During the Chapter 11 portion of these cases, and after a multi-day contested evidentiary hearing, this Court approved the sale of substantially all of the assets of the Debtors to a buyer. That sale did not close, and on March 5, 2009, the cases converted to cases under Chapter 7. Jeoffrey L. Burtch was appointed as interim trustee on March 5, 2009, and is serving as Trustee pursuant to Section 702(d) of the Bankruptcy Code.

7. After various motions and Court orders, the Trustee successfully sold substantially all the assets of the Debtors to a buyer, Eclipse Aerospace, Inc. The sale closed on or about September 4, 2009, over four months ago.

8. As of the date of this Motion, there are approximately 97 parties on the service list maintained pursuant to Bankruptcy Rule 2002 (the "2002 Service List"). In addition to

serving parties actually affected by a particular motion, the Trustee provides a hard copy to each of the parties on the 2002 Service List, either by hand delivery (for persons in the hand-delivery zone in Wilmington, Delaware) or by first class mail. Furthermore, the Trustee provides notice of agendas, and other notices to a subset of the parties on the 2002 Service List as required by applicable rules.

### Relief Requested

9. By this Motion, the Trustee requests that the Court approve a revised notice procedure in these Chapter 7 cases to significantly reduce these costs. The Trustee submits that the revised notice procedure will reduce the economic burdens on the Chapter 7 estates without prejudicing the rights of creditors or other parties in interest. The basis for the relief requested are sections 102 and 105(a) of the Bankruptcy Code, Bankruptcy Rule 2002(m), and other authority as discussed below.

10. Specifically, the Trustee proposes that except as stated below in paragraphs eleven through fifteen, inclusive, from and after the date of the entry of an Order approving this Motion (the "Order Date"), notices of appearance and demands for service of pleadings filed with the Court prior to the date of conversion of March 5, 2009 (the "Conversion Date") shall no longer be effective, and no further notices or filings shall be required to be sent to the 2002 Service List.

11. Instead, the Trustee proposes that all pleadings filed by any party be served upon:
    (a) The Trustee;
    (b) Counsel for the Trustee;
    (c) The Office of the United States Trustee;
    (d) Counsel for the Debtors;
    (e) Counsel for the United States of America;

(f)     Counsel for the Ad Hoc Committee;

(g)     Counsel for the Alfred E. Mann Living Trust;

(h)     Counsel to Eclipse Aerospace, Inc.;

(i)     Counsel to Annette Varela, on behalf of herself and all others similarly situated; John J. Dimura, on behalf of himself and all others similarly situated;

(j)     Counsel to Brad Hasselwanter;

(k)     Counsel to Jorg Kopping;

(l)     Counsel to Robert J. Werra;

(m)    Counsel to EA LLC and JD Lockaway;

(n)     Counsel to EPAC Aviation Pty, Ltd.;

(o)     Counsel to Amelia Island Concours d'Elegance Foundation Inc.;

(p)     Counsel to Demetrio Duarte, Jr.;

(q)     Counsel to Compass Aerospace Northwest, Inc.;

(r)     Counsel to UT Finance Corporation;

(s)     Counsel to Parametric Technology Corporation;

(t)     Any entity that <u>hereafter</u> files a request for special notice pursuant to Bankruptcy Rule 2002; and

(u)     All parties-in-interest specifically impacted by any such pleading.

This list reflects the Trustee's informal review of the post-conversion docket entries to determine which parties in interest have indicated an interest in the administration of these Chapter 7 converted cases by the filing of a notice of appearance or similar pleading.

12. Any party listed in paragraph 11 above who does **not** want to continue receiving hard copies of pleadings filed in these cases that will be served after the Order Date should email that request to Trustee's counsel at asinger@coochtaylor.com on or before the objection deadline to this Motion.

13. Any party **not** listed in paragraph 11 above who **does** want to continue receiving hard copies of pleadings filed in these cases that will be served after the Order Date should email that request to Trustee's counsel at asinger@coochtaylor.com on or before the objection deadline to this Motion.

14. Notwithstanding anything to the contrary in this Motion, a copy of the Order approving this Motion will be sent to the 2002 Service List.

15. Notwithstanding anything to the contrary, after the Order Date, the Trustee will serve all parties that are directly affected by a Filing.

**Applicable Authority**

16. Rule 2002(a) of the Bankruptcy Rules provides that, unless otherwise ordered by the Court, notice of certain matters must be given to, among others, all of the Debtors' creditors, equity security holders, and other parties in interest. Other rules and Bankruptcy Code provisions, however, allow limitation of the notice of filed pleadings. Indeed, Rule 2002-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware states that:

> In cases under Chapter 11, all motions (except matters specified in Fed. R. Bankr. P. 2002(a)(1), (4), (5), (7), 2002(b), and 2002(f) and Local Rules 4001-1 and 9013-1) shall be served only upon counsel for the debtor, the United States Trustee, counsel for all official committees, all parties who file a request for service of notices pursuant to Fed. R. Bankr. P. 2002(i), and all parties whose rights are affected by the motion.

17. The Bankruptcy Rules further provide that: "[t]he Court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules." Fed. R. Bankr. P. 2002(m). See also Fed. R. Bankr. P. 9007 ([w]hen notice is to be given

under these rules, the Court shall designate, if not otherwise specified herein, . . . the form and manner in which the notice shall be given).

18. Section 102(1) of the Bankruptcy Code further provides, *inter alia*, that where the Bankruptcy Code provides for an action to occur "after notice and a hearing" that such action may occur "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances..." 11 U.S.C. § 102(1)(A). Finally, this Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent the abuse of process." 11 U.S.C. § 105(a).

19. Similar requests for relief to revise notice procedures and to save costs have been routinely granted in this District in Chapter 7 cases. *In re Fluid Routing Solutions*, Case No. 09-10384 (CSS), Docket No. 640 (November 30, 2009 Order); *In re Factory 2-U Stores*, Case No. 04-10111(PJW), Docket No. 1872 (April 6, 2005 Order); *In re Allied Digital Technologies Corp., et al.*, Case No. 00-4020 (KJC), Docket No. 993 (July 24, 2003 Order) (granting substantially similar relief in Chapter 7 case); *In re Mariner Post Acute Network*, Case No. 00-113 (MFW) Docket No. 5994 (May 14, 2003 Order) (Chapter 11 case).

20. The Trustee believes that this prior authority in this district, coupled with the above-discussed provisions of the Bankruptcy Code and Rules, provide ample authority for the relief requested in light of the present status of these jointly administered Chapter 7

bankruptcy cases. Prior to the conversion of these cases, numerous parties filed notices of appearance and requests for notices and copies of pleadings with an eye toward monitoring the Chapter 11 cases through confirmation of the Plan, and to protect their interests in connection with any proposed sale. Because these cases have converted to cases under Chapter 7, confirmation of a plan and reorganization are no longer at issue. Moreover, substantially all the assets of estates have been sold, over four months ago. Because of these changed circumstances, the economic stake of those who may have previously filed and served a request for notice of appearance has changed.

WHEREFORE, for all these reasons, the Trustee respectfully requests entry of an Order in the form attached.

Dated: January 20, 2010                          COOCH AND TAYLOR, P.A.

/s/ Adam Singer
Adam Singer, Esquire (De. No. 2472)
The Brandywine Building
1000 West Street, 10th Floor
Wilmington, DE 19801
Telephone: (302) 984-3800

Counsel to the Chapter 7 Trustee