IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| AE LIQUIDATION, INC., *et al.*,[1] | ) | Case No. 08-13031 (MFW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Objection Deadline: February 18, 2015 at 4:00 p.m.** |
| | ) | **Hearing Date: February 25, 2015 at 2:00 p.m.** |

## MOTION OF CHAPTER 7 TRUSTEE TO DEPOSIT UNCLAIMED NOTEHOLDER FUNDS INTO REGISTRY OF THE COURT AND FOR RELATED RELIEF

Jeoffrey L. Burtch, Chapter 7 Trustee for the bankruptcy estate of AE Liquidation, Inc., moves to deposit unclaimed noteholder funds into the Registry of this Court (the "Motion"), and in support of this Motion respectfully represents that:

### JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### GENERAL BACKGROUND

2. On November 25, 2008 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The cases are jointly administered pursuant to Bankruptcy Rule 1015(b).

---

[1] The Debtors in these proceedings are: AE Liquidation, Inc. (f/k/a/ Eclipse Aviation Corporation) and EIRB Liquidation, Inc. (f/k/a/ Eclipse IRB Sunport, LLC), a wholly-owned subsidiary of Eclipse Aviation Corporation.

3.      On March 5, 2009, these cases converted to a case under Chapter 7. D.I. 535. Jeoffrey L. Burtch was appointed as interim trustee on March 5, 2009 and serves as the trustee (hereinafter, "Trustee") for these cases pursuant to 11 U.S.C. § 702(d).

## FACTUAL BACKGROUND

4.      Previously in these jointly-administered cases, this Court entered its order approving the sale of substantially all of the assets of the Chapter 7 estate of AE Liquidation, Inc. D.I. 850 (hereinafter, the "Sale Order"). The Sale Order was amended by a subsequent order in these cases, D.I. 1294 (the "Amended Sale Order"). Thereafter, a certain litigation, Over and Out v. Eclipse Aviation Corp., Adv. No. 09-50029 (MFW) was settled. This Court entered an order approving such settlement. D.I. 1431 (the "Settlement and Distribution Order"). That settlement triggered a distribution provision within the Amended Sale Order that provided for distributions to 46 Noteholders. More specifically, as a result of the entry of the Settlement and Distribution Order, the Trustee was authorized to distribute a portion of monies held in a designated cash escrow account to 46 Noteholders (as defined in the Amended Sale Order).

5.      Subsequent to entry of the Settlement and Distribution Order, the Trustee mailed distribution checks to each of the 46 Noteholders. Initially, eight checks were not negotiated by the respective payee Noteholder. There were no mail returns with respect to any of these eight checks. Through subsequent significant due diligence and affirmative efforts by the Trustee, five of the eight payee Noteholders negotiated and cashed their respective checks. Thus, 43 of those 46 distribution checks were negotiated and cashed.

6.      At this time, there are three distributions for which the respective Noteholder payee has failed to negotiate the distribution check as follows: (1) Morgan Stanley & Co., Incorporated, in the amount of $35,719.71; (2) Sierra Grande Enterprise, LLC, in the amount of

$66.30, and (3) Tempo Master Fund LP, in the amount of $35,557.74. These three Noteholders are collectively referred to as the "Affected Noteholders." With respect to each of these Affected Noteholders, the Trustee signed the distribution check, and mailed a check by first class mail to each noteholder. None of the three checks were cashed. The total amount of the three unconsummated distributions is $71,343.75 (hereinafter, the "Unclaimed Funds"). The information in this paragraph and related information is summarized in Exhibit A attached to the form of order attached to this Motion.[2]

7. With respect to Morgan Stanley, the Trustee has had repeated communications over the course of more than one year with representatives of Morgan Stanley about the distribution check. To date, Morgan Stanley has not provided the Trustee with information about to whom to mail the check so that the check will be cashed.

8. With respect to Sierra Grande Enterprise, LLC, the Trustee has sent repeated written communications over the course of more than one year to Sierra about the distribution check. To date, Sierra has not provided the Trustee with information about to whom to mail the check to so that the check will be cashed.

9. With respect to Tempo Master Fund, that entity dissolved in 2012. The Trustee identified the general partner of Tempo Master Fund as JD Capital Management. The Trustee then contacted JD Capital Management after learning of the dissolution. JD Capital Management has communicated to the Trustee that it is unable to cash the check.

### RELIEF REQUESTED

10. The Trustee seeks permission to deposit the Unclaimed Funds into this Court's Registry.

---

[2] The Trustee does not have tax identification numbers for any of the three Affected Noteholders.

3

11. The legal basis for this relief is Local Rule 3011-1 and 11 U.S.C. §105(a). Local Rule 3011-1 states:

> **Rule 3011-1 Deposit or Release of Funds Paid into the Registry of the Court.** The deposit or release of funds paid into the Registry of the Court shall be by motion in accordance with Del. Bankr. L.R. 9013-1.
>
> (a) Deposit of Funds. A motion for the deposit of funds paid into the Registry of the Court shall specify the amount to be deposited and the reason for the deposit. If the deposit is for unclaimed distributions, then the movant shall also specify the list of payees (with the last four digits of taxpayer identification number, if available), the amount due to each payee and why the distributions did not occur to the payees.

12. The Trustee has made diligent efforts to contact the payees, and to effect payment of the distributions to the payees. Despite such efforts, the payees are either unable or have failed to cash the checks. Paying these monies into the Registry of the Court will enable the Trustee to complete effectuation of the Distribution Order, eliminate an escrow account, and otherwise further the administration of the Chapter 7 estate of AE Liquidation, Inc.,

13. Should one or more of the Affected Noteholders determine that they can and would like to receive the monies, the Local Rules of this Court provide for such a legal mechanism. *See generally*, LR 3011-1(b). Thus, the Affected Noteholders are not prejudiced by the relief requested.

14. It is likely that the Trustee will be making future distributions to the entire group of 46 Noteholders. Therefore, this distribution problem as described above with respect to the Affected Noteholders would arise again. Unless the Trustee obtains an order in the form attached, he will be unable to distribute future monies designated for the Affected Noteholders, and there will be a frustration of purpose in any future distribution order. Thus, the Trustee

further requests permission to deposit future distributions to any of the Affected Noteholders with the Court Registry.

WHEREFORE, the Trustee requests entry of an order in the form attached.

Dated: February 3, 2015

COOCH AND TAYLOR, P.A.

/s/ Adam Singer
Adam Singer (No. 2472)
1000 West Street, 10th Floor
Wilmington, DE 19899-1680
Telephone: (302) 984-3800
Email: asinger@coochtaylor.com

*Counsel to Jeoffrey L. Burtch,
Chapter 7 Trustee*