# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| AE LIQUIDATION, INC., *et al.*,[1] | : | Case No. 08-13031 (MFW) |
| | : | (Jointly Administered) |
| Debtors. | : | |

**Objection Deadline: February 12, 2016 at 4:00 p.m.**
**Hearing Date: February 24, 2016 at 2:00 p.m.**

### FIRST INTERIM FEE APPLICATION OF LAW OFFICE OF SUSAN E. KAUFMAN, LLC FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL <u>COUNSEL TO CHAPTER 7 TRUSTEE</u>

This is the First Interim Fee Application (the "Application") for Compensation and Reimbursement of Costs and Expenses, by Law Office of Susan E. Kaufman, LLC ("Kaufman"), special counsel to Jeoffrey L. Burtch, the duly appointed Chapter 7 Trustee in the above-captioned bankruptcy case. This Application correlates to the interim time period October 12, 2015 through January 22, 2016 (the "Interim Period"). In support of this Application, Kaufman alleges as follows:

### BACKGROUND

1.  On November 25, 2008 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court (the "Chapter 11 Cases"). By Order of the Bankruptcy Court, these cases are jointly administered pursuant to Bankruptcy Rule 1015(b).

---

[1] The Debtors in these proceedings are: AE Liquidation, Inc. (f/k/a Eclipse Aviation Corporation) and EIRB Liquidation, Inc. (f/k/a Eclipse IRB Sunport, LLC), a wholly-owned subsidiary of Eclipse Aviation Corporation.

2. On March 5, 2009 (the "Conversion Date"), the Bankruptcy Court entered an Order converting the Debtors' Chapter 11 Cases to cases under Chapter 7 of the Bankruptcy Code (the "Chapter 7 Cases" and, together with the Chapter 11 Cases, the "Bankruptcy Cases").

3. On or around the Conversion Date, the Office of the United States Trustee appointed Jeoffrey L. Burtch as the duly authorized Trustee for the Estates of the Debtors.

4. Kaufman is employed as special counsel to represent the Trustee, *nunc pro tunc* to October 12, 2015 [D.I. 1557].

5. Kaufman has rendered legal services on behalf of the Trustee for the Interim Period totaling approximately 29.7 hours, correlating to $11,013.00 in requested compensation.

6. Kaufman maintains contemporaneous records of the time expended for the professional services rendered and costs and expenses incurred in connection with these Chapter 7 cases and such records are maintained in the ordinary course of its business. These records provide a detailed description of the services rendered and costs and expenses incurred during the period for which this Application is being made. Kaufman has reviewed the information requirements of Local Rule 2016-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware, and believes that this Application complies with that Rule. In particular, the information required by Local Rule 2016-2 Sections (c) (i), (c) (ii), and (e)(i) are included as part of this application in attached cover sheets. Kaufman's time records and activity descriptions for the legal services in the sum of $11,013.00 are attached as Exhibit "A." Compensation by Project Category of Local Form 102 is part of this Application and contains project summaries of the time detail.

7. The hourly rates stated in Exhibit A reflect Kaufman's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate Kaufman for the

work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is Kaufman's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges of outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, and transcription costs. Kaufman charges the Chapter 7 estate for these expenses in a manner and at rates consistent with charges made generally to Kaufman's other clients, and subject to any limitations imposed by the Local Rules and Orders of this Court. Kaufman believes it is more appropriate to charge these expenses to the client incurring them than to increase the hourly rates and spread the expenses among all clients.

8. From time to time, time entries are written off in whole or in part. In this event, the activity description, if it appears in the time detail, is followed by the notation "(nc)." Each professional and paraprofessional at Kaufman has an internal and separate timekeeper number. The time activities for each date are listed by timekeeper, and in a sequence that relates to the timekeeper number, lowest to highest.

**DESCRIPTION OF SERVICES AND RELIEF REQUESTED**

9. In these Chapter 7 cases, during this Interim Period, Kaufman has served as special counsel to the Trustee and has advised the Trustee in regards to the avoidance action commenced against Prudential Real Estate and Relocation Services, Inc. and Prudential Relocation, Inc. currently pending in this Court and assigned adversary number 10-55543 (MFW) (the "Prudential Avoidance Action"). During this Interim Period, Kaufman has drafted and prepared pleadings relating to the Prudential Avoidance Action. These activities are detailed in Exhibit "A."

**EXPENSES**

10.     Kaufman further requests reimbursement of costs expended during the Interim Period in connection with these Chapter 7 cases in the sum of $186.82 (see Expense Summary). The expenses incurred by Kaufman during this Interim Period include copy, service and postage, all of which Kaufman normally bills to its non-bankruptcy clients. The rate Kaufman charges non-bankruptcy clients for photocopies is $.25 cents per page. For purposes of this Application, photocopies are charged at $.10 cents per page.

11.     Kaufman believes that the services rendered during the Interim Period, on behalf of the Trustee are reasonably worth the sum of $11,013.00 and Kaufman requests the allowance and payment of such sum. The blended hourly rate for all services rendered by Kaufman is $370.21.

WHEREFORE, Kaufman respectfully requests the entry of the proposed form of Order attached hereto awarding compensation to Kaufman in the amount of $11,013.00 for actual reasonable and necessary professional services rendered and $186.82 in expenses incurred during the Interim Period, and granting such other and further relief as may be just and proper.

LAW OFFICE OF SUSAN E. KAUFMAN, LLC

*/s/ M. Claire McCudden*
M. Claire McCudden, (DSB# 5036)
919 North Market Street, Suite 460
Wilmington, DE 19801
(302) 472-7420
(302) 792-7420 Fax
cmccudden@skaufmanlaw.com

Special Counsel to Jeoffrey L. Burtch, Chapter 7 Trustee

Dated: January 25, 2016