# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| AE LIQUIDATION, INC., *et al.*,[1] | ) | Case No. 08-13031 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Objections due by: May 10, 2024 at 4:00 p.m.** |
| | ) | **Hearing Date: May 22, 2024 at 2:00 p.m.** |

## MOTION TO PAY COMBINED SMALL FUNDS AND UNCLAIMED FUNDS CHECK INTO THE COURT

Jeoffrey L. Burtch, the Chapter 7 Trustee for the estate of AE Liquidation, Inc., *et al*. ("Trustee"), files this Motion to Pay Combined Small Funds and Unclaimed Funds Check into the Court ("Motion") pursuant to Fed. R. Bank. P. 3010 and 3011. In support of the Motion, the Trustee respectfully represents as follows:

### JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

### BACKGROUND

2. On November 25, 2008 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court (the "Chapter 11 Cases"). By Order of the Bankruptcy Court, these cases are jointly administered pursuant to Bankruptcy Rule 1015(b).

---

[1] The Debtors in these proceedings are: AE Liquidation, Inc. (f/k/a/ Eclipse Aviation Corporation) and EIRB Liquidation, Inc. (f/k/a/ Eclipse IRB Sunport, LLC), a wholly-owned subsidiary of Eclipse Aviation Corporation.

3. On March 5, 2009 (the "Conversion Date"), the Bankruptcy Court entered an Order converting the Debtors' Chapter 11 Cases to cases under Chapter 7 of the Bankruptcy Code (the "Chapter 7 Cases" and, together with the Chapter 11 Cases, the "Bankruptcy Cases").

4. On or around the Conversion Date, the Office of the United States Trustee appointed Jeoffrey L. Burtch as the duly authorized Trustee for the Estates of the Debtors. Following the conclusion of the Section 341 Meeting, Mr. Burtch now serves as the Trustee pursuant to Section 702(d).

5. On June 8, 2022, the Order Approving Final Report and Distribution was entered [DN 1721] ("Distribution Order").

6. The Trustee files this *Motion to Pay Combined Small Funds and Unclaimed Funds Check Into The Court* as a result of the Distribution Order and related distributions.

## RELIEF REQUESTED

### I. SMALL FUNDS

7. In a chapter 7 case, no dividend in an amount less than $5 shall be distributed by the trustee to any creditor unless authorized by local rule or order of the court. In accordance with §347 and Rule 3010 and 3011 said funds are to be provided to the Clerk of the Court.

8. The creditor's disbursements pursuant to the Distribution Order that were less than $5.00 and shall be payable to the Clerk, U.S. Bankruptcy Court total $150.66. A list of those creditors is attached hereto as Exhibit A ("Small Funds").

### II. UNCLAIMED FUNDS

9. The Trustee has undertaken the process to locate creditors whose distributions pursuant to the Distribution Order were unsuccessful (hereafter "Unclaimed Funds").

10. The Unclaimed Funds involve two different categories of checks that were not negotiated.

   a. The first category are checks that are returned to the office as undeliverable;

   b. The second category is checks that are not returned to the office within 90 days, and therefore a stop payment is required to be placed on the check.

11. The Trustee first looks at the original proof of claim for any contact information other than the original address and follows up accordingly. Often contact with the creditor is made and the check is resent along with a copy of the filed proof of claim. If the contact information is outdated, the Trustee's staff will perform internet-based research to attempt to locate the creditor. If a new address is confirmed a check is reissued and sent to the new address. Particular care and attention goes in to large disbursement amounts and/or law firms. In instances where applicable, contact is made with the creditor's listed law firm to determine if they can assist in locating their client. On occasion, the creditors' counsel is also not able to locate the creditor and/or is not successful in getting the check to the proper party. On other occasions, even though the creditor is a well-known company or law firm, the Trustee may be unsuccessful in locating a party within the creditor's organization that will negotiate a distribution check. Finally, in other instances, the creditor may have relocated, changed legal representation, gone out of business, or been purchased by a successor entity.

12. A complete list of the creditors whose disbursements were unsuccessful and which the Trustee seeks to turnover funds, is attached hereto as Exhibit B. The Unclaimed Funds total $219,876.60.

13. To the extent that address for creditors on Exhibit A or Exhibit B are different from what is listed on the creditors filed proof of claim, the address has been updated pursuant to 1) a

docketed change of address by the creditor, 2) letter, e-mail or phone call from creditor to the Trustee's office or 3) in the Trustee's attempt to locate an updated address for a creditor in his attempts to distribute unclaimed funds prior to turning them over to the Court.

14. The Trustee believes he has exhausted every method available to him for locating said creditors or successors to these allowed funds.

WHEREFORE, Jeoffrey L. Burtch, Chapter 7 Trustee, respectfully requests that the Court permit the Estate's funds, which is both the Small Funds and Unclaimed Funds, in the amount of Two Hundred Twenty Thousand Twenty-Six Dollars and Twenty-Six Cents ($220,027.26), to be paid to the Clerk for deposit to the Treasury.

Dated: May 2, 2024

*/s/ Jeoffrey L. Burtch, Trustee*
Jeoffrey L. Burtch, Trustee, Chapter 7 Trustee
P.O. Box 549
Wilmington, DE 19899-0549
(302)472-7427